**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TRAYON LEVAL WILLIAMS,**

**Plaintiff,**

**v.** **CASE NO. 22-3008-SAC**

**BROOKE HAUBSTEIN, et al.,**

**Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action alleging inadequate medical care of an incarcerated person. Plaintiff proceeds pro se and in forma pauperis.

**Nature of the Complaint**

Plaintiff commenced this action while held in pretrial confinement at the Butler County Detention Center, El Dorado, Kansas (BCDC). He is now in federal custody.

Plaintiff suffers from Crohn's disease and associated fistula formation. He claims that between January and December 2021, he received constitutionally inadequate medical care for those conditions. He sues five nurses at the BCDC, a corporal there, Advanced Correctional Healthcare, the United States Marshals Service, and an individual employed by the Marshals Service. He seeks damages and release.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the

complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

Because plaintiff was a pretrial detainee during his incarceration in the BCDC, his right to medical care was secured by the Fourteenth Amendment. "The Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care that the Eighth Amendment requires for convicted inmates." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (citing *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020)).

A prisoner seeking relief under the Eighth Amendment for a claim of inadequate medical care must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This standard has two components; first, an objective component that requires that the plaintiff's condition "be sufficiently serious" and

a subjective component that requires a showing that the defendant official acted "with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). To meet the subjective component, the defendant official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A complaint that presents only a difference of opinion between the prison medical staff and the inmate concerning the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. *See, e.g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir 1976) and *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006).

Finally, a delay in providing medical care violates the Eighth Amendment where the delay caused substantial harm. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).

The court has considered the complaint in light of these standards. First, the court finds that the medical conditions plaintiff describes are objectively serious. Next, the complaint shows that during his stay in the BCDC, plaintiff received medical care that included creams and pads, pain medication, injections to reduce inflammation, and at least one visit to a physician outside the facility. Plaintiff complains of brief delay in one of the injections, the jail policy not to provide opiate-based medication to those held there, delay in providing him surgery that was recommended, and the fact that he was provided supplies to care for his fistulas but was required to apply them himself. As a result,

plaintiff did not receive the type of medical care he believes was warranted.

Under the governing standards, however, plaintiff must show that the defendants acted with an awareness that their conduct posed a substantial risk of serious harm to him. The complaint shows that medical staff at the BCDC provided plaintiff with an ongoing course of care to address his conditions, and there is no showing that this treatment caused plaintiff to suffer any harm. Accordingly, the court is considering the dismissal of this matter for failure to state a claim for relief.

**Order to Show Cause**

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. In addition, because a pro se plaintiff should be given a reasonable opportunity to address and correct defects in his pleading, the court will allow plaintiff to submit an amended complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

Plaintiff's amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint.

Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **March 3, 2022**, to show cause why this matter should not be dismissed for the reasons discussed herein and to submit an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 3rd day of February, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge