```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


TRAYON LEVAL WILLIAMS,

                        Plaintiff,

vs.                                         Case No. 22-3008-SAC

UNITED STATES MARSHAL SERVICE,
et al.,

                        Defendants.
```

**O R D E R**

This case is now before the court for the purpose of screening an amended complaint (Doc. No. 6) plaintiff has filed in response to the court's show cause order. Doc. No. 5. The court applies the screening standards set out in the show cause order. Doc. No. 5, pp. 1-3.

I. The amended complaint

This is a civil rights action alleging Eighth Amendment violations arising out of events during plaintiff's incarceration at the Butler County Jail in 2021. The amended complaint names the following defendants: United States Marshals Service; Lue Miller; Brooke Haubstein; and Advance Correctional Healthcare, Inc. It appears that plaintiff was in pretrial custody in the Butler County Jail in January 2021 and eventually pleaded guilty to federal criminal charges in October 2021. See United States v. Williams, Case No. 21-10004-JWB. He is currently in federal

custody. Advance Correctional Healthcare, Inc. (ACH) was the medical provider for the jail. Haubstein and Miller were nurses employed by ACH at the Butler County Jail.

Plaintiff alleges that he suffered from one or more anal fistulas while incarcerated at the Butler County Jail. He asserts that in January 2021 he complained of pain, bleeding and inflammation in the rectal area to defendants Brooke Haubstein and Lue Miller. The amended complaint claims that it took 90 days or until sometime in March 2021 before plaintiff received materials to treat the wound and that he suffered with severe pain, bleeding and inflammation. He complains that Haubstein and Miller did not "package" his wound or do anything to care for his condition. He also complains that he was not put on a list for a daily shower and was told to use his sink for cleaning the wound on days when he could not shower. Plaintiff further objects that the nurses did not permit him to have extra boxer shorts although he suffered drainage every day that soiled his shorts.

The amended complaint further alleges that defendant Haubstein refused to see plaintiff on October 29, 2021 when plaintiff made a complaint and that she came by plaintiff's cell the next day with papers about Crohn's disease, but again refused to treat plaintiff's wound. According to the amended complaint, this also happened in November 2021.

2

Plaintiff asserts that defendant Haubstein caused plaintiff to suffer with pain and continuous bleeding because she refused to see and care for plaintiff.  He also alleges that she refused to send plaintiff to outside followup appointments.  The amended complaint, however, also indicates that plaintiff received some appointments with specialists at Via Christi Hospital and had some followup appointments.

The amended complaint asserts broadly that ACH failed to properly train Haubstein and Miller and failed to provide proper medical care to plaintiff.  It is further asserted that the United States Marshals Service interfered with medical treatment or medications ordered by medical specialists which led to inflammation, bleeding and pain from August 2021 through October 2021.

Plaintiff claims that these acts or omissions have violated his constitutional rights under the Eighth Amendment.[1]  Plaintiff seeks substantial monetary relief, an apology letter, and release from prison.

---

[1] As the court stated in the previous show cause order, plaintiff's constitutional right to medical care as a pretrial detainee is secured by the Fourteenth Amendment, although courts apply the same standard as is applied to Eighth Amendment claims by convicted inmates.  Doc. No. 5, p. 3 (citing Lance v. Morris, 985 F.3d 787, 793 (10th Cir. 2021)).  So, assuming plaintiff was a pretrial detainee during some of the events described in the amended complaint, the same analysis applies to his constitutional claims.

II. Screening

    A. United States Marshals Service

Under limited circumstances, the doctrine developed under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) has been used to bring damages claims for constitutional torts against individual federal officers.[2]  The Bivens doctrine, however, does not extend to federal agencies like the United States Marshals Service.  F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).  Nor may the Federal Tort Claims Act be used to sue the United States for constitutional torts.  Id. at 477-78.  Also, it does not appear that plaintiff has filed an administrative claim with the Marshal's Service.  This is a prerequisite for bringing a Federal Tort Claims Act claim. Kendall v. Watkins, 998 F.2d 848, 852 (10th Cir. 1993).  Therefore, the court finds that the United States Marshals Service should be dismissed as a defendant in this case.[3]

    B. Advance Correctional Healthcare, Inc. ("ACH")

The amended complaint alleges that ACH should be liable to plaintiff because it employed defendants Haubstein and Miller and because it failed to properly train them.  ACH, as a corporation, may not be held liable for a constitutional tort based upon

---

[2] Because the United States Marshals Service is a federal (not a state) entity, it may not be sued under 42 U.S.C. § 1983 as a "person" acting under color of state law to deprive plaintiff of his constitutional rights.
[3] The court recognizes as well that "'[t]he United States is the only proper defendant in an FTCA action.'"  Smith v. U.S., 561 F.3d 1090, 1099 (10th Cir. 2009)(quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

4

respondeat superior – that is, solely because it employed someone who violated the Constitution. See Rascon v. Douglas, 718 Fed. Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed. Appx. 536, 545 (10th Cir. 2016).  To be liable, plaintiff must allege facts showing a policy or a custom of ACH that caused his injury. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-94 (1978) (stating requirements for pursuing a § 1983 claim against a municipality); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (extending Monell requirements to a private entity performing a state function); Wabuyabo v. Correct Care Sols., 723 Fed. Appx. 642, 643 (10th Cir. 2018) ("[T]o state a claim against CCS, [Plaintiff] must identify an official policy or custom that led to the alleged constitutional violation."). Plaintiff has failed to allege such facts. Consequently, his action against ACH may be dismissed for failure to state a claim.

In addition, as the court noted in the previous show cause order where it warned against general, nonspecific and conclusory allegations (Doc. No. 5, pp.2-3), plaintiff may not proceed against ACH solely upon a conclusory allegation that it failed to "properly train" Haubstein and Miller.  Such assertions unaccompanied by any specific factual allegations are inadequate to state a plausible claim for relief.  See Huff v. Reeves, 996 F.3d 1082, 1093 (10th

Cir. 2021); Waller v. City and County of Denver, 932 F.3d 1277, 1288-89 (10th Cir. 2019).

### C. Haubstein and Miller

To prove a constitutional violation relating to inadequate medical care, an inmate plaintiff must allege facts showing deliberate indifference to serious medical needs. Al-Turki v. Robinson, 762 F.3d 1188, 1192 (10th Cir. 2014). A claim of deliberate indifference has both an objective and a subjective component. Id. A delay in care which leads to a period of untreated substantial pain satisfies the objective prong of the deliberate indifference test. Id. at 1193. As the court stated in the prior screening order, plaintiff has alleged facts plausibly showing an objectively serious medical condition.

The subjective prong examines whether the defendant's state of mind was such that the defendant knew of and disregarded an excessive risk to inmate health or safety. Id. at 1192. At the screening stage of this case, the court believes plaintiff has alleged sufficient facts to state a plausible claim that defendants Haubstein and Miller were aware of and disregarded plaintiff's substantial pain, bleeding, inflammation and risk of infection.

### D. Release

Release from plaintiff's sentence is not an appropriate remedy for the Eighth Amendment violations alleged in the amended complaint. See Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir.

2005). To obtain release, plaintiff must bring a habeas corpus action by filing an action under 28 U.S.C. § 2255 challenging his sentence or an action under 28 U.S.C. § 2241 challenging the execution of his sentence.

III. Conclusion

This case shall proceed upon the amended complaint. The court directs that plaintiff's claims against defendant United States Marshals Service be dismissed without prejudice and that plaintiff's claims against Advance Correctional Healthcare, Inc. be dismissed without prejudice. Plaintiff's request for release from prison shall be dismissed. The court directs that the Clerk issue waiver of summons to defendants Brooke Haubstein and Lue Miller.[4]

**IT IS SO ORDERED.**

Dated this 4th day of March 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

---

[4] Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).