IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAYON LEVAL WILLIAMS,

                Plaintiff,

vs.                                                Case No. 22-3008-SAC

BROOKE HAUBENSTEIN and
LOU MILLER,

                Defendants.

**O R D E R**

This case is before the court upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Doc. No. 28. The motion is brought by defendants Brooke Haubenstein and Lou Miller.[1] This an action pursuant to 42 U.S.C. § 1983 arising from plaintiff's incarceration at the Butler County Jail in 2021. Plaintiff alleges a denial of adequate medical care for a painful condition.

I. Rule 12(b)(6) standards

Under Rule 12(b)(6), the court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to plaintiff to determine whether they plausibly suggest defendants Haubenstein and Miller are liable under the law for an injury. Waller v. City & Cty. of Denver, 932 F.3d 1277, 1282 (10th Cir. 2019). "A claim has facial plausibility when the

---

[1] The court has adopted the spelling of defendants' names as found in their motion to dismiss.

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. Pro se standards

Plaintiff is proceeding pro se. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. The amended complaint – Doc. No. 6.

The amended complaint indicates that defendants Brooke Haubenstein and Lou Miller worked for Advance Correctional Healthcare Inc., the medical provider for the Butler County Jail. Plaintiff alleges that he suffered from one or more anal fistulas while incarcerated at the Butler County Jail. He asserts that in January 2021 he complained of pain, bleeding and inflammation in the rectal area to defendants Haubenstein and Miller and that

2

Miller examined plaintiff's rectum.  According to the amended complaint, plaintiff was sent back to his cell without anything to care for the fistula.  He asserts that for months he was denied measures to keep the fistula clean, such as wound care, a daily shower and extra boxer shorts.  The amended complaint claims that it took 90 days or until sometime in March 2021 before plaintiff received materials to treat the wound and that during that period he suffered severe pain, infections, bleeding and inflammation.

The amended complaint further alleges that defendant Haubenstein refused to see plaintiff on October 29, 2021 when plaintiff made a complaint and that she came by plaintiff's cell the next day with papers about Crohn's disease, but again refused to treat plaintiff's wound.  According to the amended complaint, this also happened in November 2021.

Plaintiff asserts that defendant Haubenstein caused plaintiff to suffer with pain and continuous bleeding because she refused to see and care for plaintiff.  He also alleges that she refused to send plaintiff to outside followup appointments.  The amended complaint, however, also indicates that plaintiff received some appointments with specialists at Via Christi Hospital and had some followup visits.

Plaintiff claims that defendants' acts or omissions have violated his constitutional rights under the Eighth Amendment.[2]

IV. Analysis

A. Color of state law

Defendants' first argument is that plaintiff's § 1983 claim must be dismissed because plaintiff checked "No" on the complaint form to a question asking whether defendants acted under color of state law. Of course, to state a claim under § 1983, a plaintiff must show that the alleged constitutional violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has responded that the checkmark was a clerical error.

As already noted, a Rule 12(b)(6) motion raises the question of whether the complaint alleges facts, as opposed to legal conclusions, which plausibly indicate a defendant's liability for an injury suffered. It is well-settled at this time that private medical personnel who are employed to provide healthcare services to inmates in state or county prisons are acting under color of state law for purposes of § 1983. West, 487 U.S. at 54; Winkler v. Madison Cnty., 893 F.3d 877, 890 (6th Cir. 2018). The amended complaint alleges facts which plausibly describe a claim of state

---

[2] Plaintiff may have been a pretrial detainee during all or part of this period. As noted before, the right to medical care as a pretrial detainee is secured by the Fourteenth Amendment, although courts apply the same standard as is applied to Eighth Amendment claims by convicted inmates. Doc. No. 5, p. 3 (citing Lance v. Morris, 985 F.3d 787, 793 (10th Cir. 2021)).

4

action. In judging the Rule 12(b)(6) motion, the court is bound by that determination rather than the legal conclusion represented by the checkmarked answer on the form complaint. See Barr v. Cappiello, 2009 WL 763435 *1-2 (D.Conn. 3/19/2009)(refusing to grant motion to dismiss pro se § 1983 action where plaintiff checked "no" to color of state law question); cf., Shelton v. SWAIA, 2019 WL 4193426 (D.N.Mex. 9/4/2019)(ignoring conclusory checked-box allegation of state action where there are no factual allegations in support); see also Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990)(counseling that cases should not be dismissed with prejudice where "deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements").

    B. Failure to state a claim – deliberate indifference

Defendants argue that the amended complaint fails to state a plausible claim of deliberate indifference to a serious medical need and, therefore, plaintiff's Eighth Amendment claim should be dismissed. A plaintiff may establish deliberate indifference by showing that a defendant knew plaintiff faced "a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)(interior quotations omitted). Delay in providing medical care can rise to the level of "substantial harm" causing an Eighth Amendment violation where there has been a "lifelong

5

handicap, permanent loss or considerable pain." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Oxendine, 241 F.3d at 1276 and Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)). Defendants argue that plaintiff has not alleged "considerable pain" because his pain, as stated in a grievance, was off and on.

The court rejects this contention. The amended complaint frequently references, bleeding, inflammation, pain and severe pain which plaintiff suffered over a period of a year. These allegations are sufficient to plausibly allege "substantial harm." Cf., McCowan v. Morales, 945 F.3d 1276, 1291 (10th Cir. 2019)(several hour delay in getting treatment for considerable shoulder pain); Al-Turki v. Robinson, 762 F.3d 1188, 1193 (10th Cir. 2014)(several hours of untreated severe abdominal pain satisfies the objective prong of the deliberate indifference test); Mata v. Saiz, 427 F.3d 745, 758-59 (10th Cir. 2005)(severe chest pains for several days meets objective prong); Sparks v. Rittenhouse, 164 Fed.Appx. 712, 718-19 (10th Cir. 2006)(allegations of numerous requests for treatment, loss of feeling, loss of grip and extreme pain sufficiently alleged substantial harm from shoulder injury). Defendants' reference to a statement made in a grievance is not only outside the pleadings relevant to a Rule

12(b)(6) motion,[3] but also fails to demonstrate that plaintiff's alleged pain was insubstantial.

Inaction in the face of knowledge of severe pain is evidence of deliberate indifference. Whether a defendant had this knowledge "'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Oxendine, 241 F.3d at 1276 (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)).

Defendants contend that there is "absolutely nothing" in the amended complaint that demonstrates a failure to act by defendants while knowing that plaintiff had a substantial risk of serious harm. Doc. No. 29, p. 5. Upon review of the amended complaint as summarized in section III of this order, the court disagrees. See Rutherford v. Medical Dept. of Dept. of Corrections, 76 Fed.Appx. 893, 899 (10th Cir. 2003)(delay in treating and ordering surgery for back pain provides grounds for Eighth Amendment claim); Halpin v. Simmons, 33 Fed.Appx. 961, 964-65 (10th Cir. 2002)(delay in following recommendation for treatment of chest pain and delay in responding to severe stomach pain plausibly support a claim for relief); see also Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010)(a significant delay in effective medical treatment may

---

[3] A Rule 12(b)(6) motion is normally limited to examining the facts alleged in the complaint alone. See Bell v. Fur Breeders Agricultural Co-op, 348 F.3d 1224, 1230 (10th Cir. 2003).

support a claim of deliberate indifference where the result is prolonged and unnecessary pain).

### C. Haubenstein

Finally, the motion to dismiss contends that defendant Haubenstein is a gatekeeper and is not able to order surgery or pain medication. This argument relies upon allegations outside of those in the amended complaint. Therefore, the court rejects it as grounds for a granting defendants' Rule 12(b)(6) motion without prejudice to considering the argument as grounds for summary judgment.

### D. Admministrative exhaustion

Defendants contend that dismissal should be ordered because plaintiff has failed to exhaust his administrative remedies. The court rejects the exhaustion argument at this stage of the proceedings because the motion asks the court to place a pleading burden upon plaintiff which is greater than required by the law. The Tenth Circuit has stated that "[f]ailure to exhaust is an affirmative defense; a plaintiff is not required to plead or demonstrate exhaustion in the complaint." Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009)(citing Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007)). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground

8

in the abstract." Jones v. Bock, 549 U.S. 199, 215 (2007)(emphasis added).  The motion to dismiss before the court relies upon statements from a grievance file and a grievance policy which are not part of the complaint.  Plaintiff does not have the burden of proving exhaustion or alleging exhaustion at this stage of the proceedings.  Jones, 549 U.S. at 216 ("inmates are not required to specially plead or demonstrate exhaustion in their complaints").  Therefore, the court rejects defendants' exhaustion argument without prejudice to it being raised again at a later time.

V. Conclusion

For the above-stated reasons, the court shall deny defendants' motion to dismiss.  Doc. No. 28.

**IT IS SO ORDERED.**

Dated this 23rd day of August 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge