# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TRAYON LEVAL WILLIAMS,

    Plaintiff,

    v.

BROOKE HAUBSTEIN, et al.,

    Defendants.

Case No. 22-3008-SAC-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Brooke Haubenstein and Lou Miller's Motion to Strike Plaintiff's Experts. ECF No. 37. In response, Plaintiff Trayon Level Williams, who proceeds pro se and is incarcerated, agrees that his expert disclosures are deficient but requests that the Court appoint expert witnesses to remedy any issues created by the non-compliant disclosures.[1] For the reasons explained below, Defendants' motion is denied, and Plaintiff's request for Court-appointed experts is also denied.

---

[1] Pursuant to D. Kan. Rule 6.1(d)(1), Plaintiff's response brief was due on or before September 1, 2022, but Plaintiff's response brief is postmarked September 8, 2022, and was not filed until September 12, 2022. "Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." D. Kan. Rule 7.4(b). Plaintiff has not addressed the excusable-neglect standard. However, Defendants filed a reply brief addressing the substance of the response brief without raising the issue of untimeliness. Under these circumstances—and because the Court would reach the same conclusion regardless of whether it considered the response and reply briefs—the Court has considered the substance of all of the briefing in making its ruling.

**I.     BACKGROUND**

Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Butler County Jail in January 2021, Defendants violated his Eighth Amendment rights by rendering inadequate medical care rising to the level of deliberate indifference to Plaintiff's serious medical needs. *See Williams v. Haubenstein*, No. 22-3008-SAC, 2022 WL 3594589, at *1-2 (D. Kan. Aug. 23, 2022) (summarizing Plaintiff's claims and denying Defendants' motion to dismiss).

On May 24, 2022, the Court entered a scheduling order requiring Plaintiff to serve Federal Rule of Civil Procedure 26(a)(2) expert disclosures by August 19, 2022, and for Defendants to do the same by September 23, 2022. ECF No. 19 at 4. The scheduling order further required any deposition of Plaintiff to be taken on or before October 7, 2022. *Id.* at 3. At Defendants' request, the Court extended the deadline for Defendants' expert disclosures up to and including November 23, 2022, and extended the deadline to depose Plaintiff up to and including November 7, 2022. ECF No. 34 at 2.

According to Defendants, they received Plaintiff's expert disclosures on August 15, 2022, but they contend the disclosures do not meet Rule 26(a)(2)'s requirements and should therefore be stricken. ECF No. 37 at 2. Alternatively, they request that the Court compel Plaintiff to properly disclose experts and request unspecified amendments to the scheduling order. *Id.* In response, Plaintiff requests that the Court appoint expert witnesses to address the concerns raised in Defendants' motion. These issues are now before the Court.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) outlines the requirements for disclosing expert testimony. Rule 26(a)(2)(B) requires that experts "retained or specially employed to provide

2

expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" ("reporting experts") must provide a written report containing certain categories of information outlined in the rule. Expert witnesses falling outside of this category ("non-reporting experts") need not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). But the disclosures for non-reporting experts still must identify the subject on which the witnesses are expected to present evidence and provide a summary of the facts and opinions to which the witnesses are expected to testify. *Id.*

When a party fails to make the disclosures required by Rule 26(a)(2) or provides an incomplete disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also Adkins v. TFI Fam. Servs., Inc.*, No. 13-CV-2579-DDC-GLR, 2017 WL 3130587, at *2 (D. Kan. July 24, 2017) (a disclosure that does not comply with all requirements is subject to being stricken).

## III. DISCUSSION

Defendants contend that Plaintiff's expert disclosures do not comply with Rule 26(a)(2)'s requirements for disclosure for either reporting or non-reporting experts and are therefore subject to being stricken. As explained below, while the Court finds that the disclosures are deficient, striking Plaintiff's expert witnesses is not warranted under the circumstances of this case, and the Court will not require supplementation at this time either—particularly when Defendants have not explained what additional information they believe is missing and required. Because the Court denies Defendants' alternative request to direct Plaintiff to serve supplemental disclosures, it also denies as moot Defendants' related request that the Court amend the scheduling order to accommodate supplemental disclosures. Finally, because the Court denies Defendants' motion to

3

strike, Plaintiff's request to appoint experts is moot, and even if it were not, the Court would deny the request.

### A. The Sufficiency of Plaintiff's Rule 26(a)(2) Disclosures

Plaintiff's disclosures identify Dr. William Ransome Kilgore and Dr. Sanchez.[2] ECF No. 37-1 at 1. The disclosures state that:

> [1] Both will give opinions about pain caused by Crohn's Disease and associated fistula disease.
>
> [2] Both will testify that they cared for Plaintiff in this case in the year 2021.
>
> [3] Both will give opinions on the needed care for Crohn's disease and associated fistula disease.
>
> [4] Both will give opinions on why it took the Plaintiff in this case so long to get the proper care.
>
> [5] Dr. William Ransome Kilgore will testify that he is a gastroenterologist (specialist).
>
> [6] Dr. Sanchez will testify that he is a colorectal surgeon (specialist).
>
> [7] Both will give opinions about the pains, bleeding and inflammation Plaintiff had in the year 2021.

*Id.* Plaintiff does no not specify whether he is disclosing Drs. Kilgore and Sanchez as reporting experts subject to Rule 26(a)(2)(B)'s requirements or as non-reporting experts subject to Rule 26(a)(2)(C)'s requirements.

---

[2] Plaintiff identifies Dr. Sanchez by his last name only.

### 1. Disclosing Reporting Expert Witnesses

Plaintiff has not met Rule 26(a)(2)(B)'s requirements governing the disclosure of reporting experts because Drs. Kilgore and Sanchez have not provided written reports as required by this portion of the rule. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(iv) (outlining information that must be included in the expert report). Plaintiff agrees with this assessment. ECF No. 44 at 1. Therefore, neither individual will be allowed to testify as a reporting expert witness.

### 2. Disclosing Non-Reporting Expert Witnesses

Defendants' briefing focuses almost entirely on the requirements for disclosing reporting experts, devoting just one sentence to the requirements for disclosing non-reporting experts.[3] This is likely why the pro se Plaintiff has done the same, overlooking Rule 26(a)(2)(C). Regardless, the Court addresses the non-reporting expert portion of Rule 26 because, according to Plaintiff's disclosures, Drs. Kilgore and Sanchez are his treating physicians, and treating physicians are a prime example of the types of individuals who provide expert testimony under Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . ."); *see generally Kone v. Tate*, No. 20-1080-TC-ADM, 2021 WL 1210009, at *4 (D. Kan. Mar. 31, 2021) (discussing that treating physicians are often both witnesses of the care and treatment they rendered and offer expert testimony requiring disclosure under Rule 26(a)(2)(C)).

---

[3] Defendants do not contend that the scope of the anticipated opinions would render Drs. Kilgore and Sanchez subject to the requirements of Rule 26(a)(2)(B).

As to Rule 26(a)(2)(C)'s requirements for non-reporting experts, Rule 26(a)(2)(C) requires non-retained expert disclosures to state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." In this case, Defendants argue that Plaintiff's disclosures do not satisfy subparagraph (ii) because they do not contain a summary of the facts and opinions to which the witness is expected to testify.

While the rule does not define what constitutes an appropriate summary, Rule 26(a)(2)(C)'s disclosure requirement "is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). The disclosing party need not identify every fact to which the expert will testify, but in general the disclosures "should provide a brief account that states the main points" of the anticipated testimony. *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014); *see also Roof Rehab, LLC v. Travelers Cas. Ins. Co. of Am.*, No. 20-CV-01863-RMR-NYW, 2021 WL 5579053, at *3 (D. Colo. Nov. 30, 2021) (applying the definition that a summary is "a brief account that states the main points of a larger body of information"); *Ingwaldson v. Moore*, No. CV 19-801 MV/JFR, 2021 WL 8651774, at *5 (D.N.M. Apr. 8, 2021) (same). "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Hayes*, 2014 WL 3927277, at *3; *see also* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment (same).

Courts have found that generally describing the subject matter of a treating physician's anticipated testimony without summarizing the proposed opinions and facts does not comply with

the rule's requirements.[4]  The Court reaches the same conclusion in this case.  Here, the disclosures identify the topics on which Drs. Kilgore and Sanchez are expected to present non-reporting expert testimony.  Although the disclosures provide some facts, they do not contain anything that could be construed to be a summary of the facts and opinions as to which each witness is expected to testify.  To that end, the Court agrees that the disclosures do not fully comply with Rule 26(a)(2)(C)(ii)'s requirements.

That said, this case differs from those authorities in one significant respect: this case involves a pro se incarcerated litigant complaining of care received while incarcerated who has limited (if any) access to the treating physicians.[5]  Moreover, the anticipated testimony concerns

---

[4] *See, e.g.*, *Fergus v. Faith Home Healthcare, Inc.*, No. 18-2330-JWL-TJJ, 2019 WL 511642, at *3 (D. Kan. Feb. 8, 2019) ("Plaintiff's disclosures simply say each witness may testify, pursuant to his (or her) training and expertise, regarding his (or her) treatment of Plaintiff for symptoms and diagnoses of Type 1 Diabetes and Attention Deficit Disorder (ADD).  This is not a summary of each provider's opinions." (internal quotations omitted)); *Hayes*, 2014 WL 3927277, at *4 (finding more detail was necessary where treating physicians' anticipated testimony concerned proximate causation, noting the lack of information "with regard to why the treating physicians believe that the defendants' conduct caused their patients' conditions to worsen and how their patients' conditions worsened as a result of the defendants' actions"); *see also Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1299 (S.D. Fla. 2021) (finding disclosures deficient when they generally described the subject matter of the treating physician's testimony without providing a summary describing the specific opinions the physician would offer or the factual basis for those opinions); *Kellum v. Bd. of Cnty. Commissioners for Cnty. of Bernalillo*, No. 1:14-CV-00163 RB/CG, 2017 WL 11674899, at *2 (D.N.M. Feb. 21, 2017) ("The witness lists state the treating physicians are expected to testify about Plaintiff's medical condition, the treatment provided to Plaintiff, the need for that treatment, and Plaintiff's diagnosed future medical course of treatment.  While this is sufficient to put Defendants on notice regarding the anticipated testimony, Plaintiff did not include a summary of the facts and opinions to which the treating physicians are expected to testify.").

[5] Even in cases involving represented parties, courts are disinclined to strike witnesses rather than requiring supplementation, particularly where discovery is ongoing.  *See Fergus*, 2019 WL 511642, at *3 (ordering plaintiff to supplement her disclosures and noting that the parties still had more than three months to complete discovery); *see also United States v. $487,025.00 in U.S. Currency*, No. 21-1076-JWB-KGG, 2022 WL 326171, at *4 (D. Kan. Feb. 3, 2022) (exclusion was "inappropriate at this stage of the case" when discovery had been stayed and the court would need to enter a subsequent scheduling order).

narrow and discrete medical conditions and care rendered during the single year in which the remaining Defendants also treated Plaintiff for these same medical conditions. The purpose of the expert disclosure requirements is to avoid the danger of unfair surprise. *See Duffy v. Lawrence Mem'l Hosp.*, No. 2:14-CV-2256-SAC-TJJ, 2017 WL 4923346, at *3 (D. Kan. Oct. 31, 2017). While Plaintiff's disclosures are technically deficient, Defendants are on notice as to the narrow topics on which both physicians may testify, which avoids the danger of unfair surprise.

### B.     Substantial Justification or Harmlessness

Although Plaintiff's disclosures do not fully comply with Rule 26(a)(2)'s requirements, the failure is substantially justified or harmless under the facts of this case, and therefore, the Court will not strike the witnesses. *See* Fed. R. Civ. P. 37(c)(1) (setting forth the standard for striking). "[T]he determination of whether a Rule 26(a) [or (e)] violation is justified or harmless is entrusted to the broad discretion of the district court." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). In making this determination, the Court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

Turning to the above factors, *first*, the Court cannot discern any prejudice or surprise to Defendants by allowing Plaintiff's non-reporting expert disclosures to stand. Defendants argue it would be "extremely prejudicial" if they were required to depose Plaintiff's experts without proper expert disclosures and without Plaintiff's medical records. ECF No. 38 at 1. Defendants are in the process of obtaining Plaintiff's remaining medical records, *see* ECF No. 47, and have not alleged that they lack the ability to obtain any necessary records. Instead, Defendants previously

represented the opposite to the Court.  On July 7, 2022, in opposition to Plaintiff's motion to subpoena his medical records, Defendants stated that they "have collected medical records of Plaintiff from the Butler County Detention Center" and Defendants committed to producing "all medical records, grievances, and the grievance policy of the Butler County Detention Center . . . ."  ECF No. 25 at 1-2.  Again, this reflects that Defendants appear to have equal—or perhaps greater—access to Plaintiff's medical records than Plaintiff does.  If Defendants require additional medical records to move forward, they appear to be able to request such records from the Detention Center without the need for a subpoena or would have the ability to timely subpoena any remaining records within the discovery period, but this is certainly not a basis to strike Plaintiff's experts.

As to the expert disclosures themselves, Defendants have not specified what exact details are missing or why these missing details prejudice Defendants' ability to depose the treating physicians.

On this record, the disclosures provide sufficient notice to eliminate any surprise or prejudice to Defendants.  The facts at issue in this case involve allegations of inappropriate medical care rendered by Defendants for Plaintiff's anal fistulas while he was incarcerated at the Butler County Jail in 2021.  *See Williams*, 2022 WL 3594589, at *1-2 (discussing Plaintiff's amended complaint).  The disclosures put Defendants on notice that Drs. Kilgore and Sanchez will testify about the care they rendered to Plaintiff in 2021, including offering testimony on the proper care for Crohn's Disease and associated fistula disease and the pain and suffering Plaintiff experienced in 2021.  *See generally* ECF No. 37-1.  Given the limited scope of the factual allegations at issue in this case, the limited temporal scope of their possible testimony and the limited topics listed in the disclosures, the disclosures provide fair notice at this stage and under these circumstances. Moreover, Defendants would be expected to have equal access—if not more access—to the

treating physicians, which mitigates concerns of unfair surprise, particularly when Defendants have declined to specify what additional information they believe they require and why they could not obtain this information by simply deposing the treating physicians. *See Duffy*, 2017 WL 4923346, at *3 ("Moreover, the witnesses have no reason to cooperate or communicate with Plaintiff to the exclusion of Defendant.  The latter point, *i.e.* that Defendant has equal access to the witnesses, mutes the alleged deficiency because Defendant is able to ask the witnesses about the scope and subject matter of their possible testimony.").

*Second*, because the Court cannot determine that Defendants would suffer prejudice or surprise, there is no need to direct Plaintiff to undertake efforts to cure this unspecified prejudice.

*Third* and *fourth*, the Court has not yet imposed a trial date in this case, and there is no evidence of bad faith or willfulness on the part of Plaintiff.  To the contrary, Plaintiff appears to have attempted to timely comply with his expert-disclosure requirements, and what he has submitted is more detailed than what is common for pro se litigants.

In sum, all of the above factors disfavor the drastic remedy of striking a pro se incarcerated Plaintiff's marginally deficient expert disclosures during the discovery stage of the case.  For these reasons, the Court denies Defendants' request that the Court strike the disclosures.

### C.      Defendants' Alternative Request

In the event the Court denied Defendants' request to strike, Defendants request that the Court *first* compel the Plaintiff to properly disclose experts and *second* make unspecified extensions to the scheduling-order deadlines to accommodate this supplementation.  Defendants' first request is denied, and the second request is denied as moot because supplementation is not required.  Defendants have filed a separate Motion to Amend the Scheduling Order, ECF No. 47, which will be addressed in a separate order.

Normally, when a party serves a non-complaint expert discourse during the discovery stage, courts attempt to cure any prejudice or surprise by directing a party to serve supplemental expert disclosures. *See, e.g., Duffy*, 2017 WL 4923346, at *3. But here, Defendants do not specify or even suggest what additional information they believe is required. Indeed, Defendants devote a single sentence to the matter: "It could be determined that these experts do not need to provide a written report, however, the disclosure of Plaintiff does not sufficient [sic] provide a summary of the facts and opinions to which the expert witness is expected to testify, as would be required by Federal Rules of Civil Procedure 26(a)(2)(C)(ii)." ECF No. 38, at 2.

The brevity of Defendants' argument is particularly significant given the circumstances of this case. Plaintiff is a pro se incarcerated litigant who proceeds IFP and who has highly limited (if any) access to the two treating physicians he has designated. He explains that the facility where he is housed is on lockdown and that he served the disclosures with the information he had because he "did not want to miss the deadline[.]" ECF No. 44 at 1. Requiring Plaintiff to supplement his disclosures to provide a summary of unspecified information to which he has limited access elevates form over substance and stalls the progression of this case. In requiring Plaintiff to provide supplemental disclosures that he likely cannot provide at this point, Defendants would almost surely delay the more effective and efficient avenue to determine the full scope of the treating physicians' opinions: deposing them.

For these reasons, the Court denies Defendants' alternative request to compel Plaintiff to serve supplemental disclosures. The Court will address Defendants' request for adjustments to case management deadlines when it rules on Defendants' pending motion to amend the scheduling order.

### D.      Plaintiff's Request for Court-Appointed Experts

Because the Court denies Defendants' motion to strike, Plaintiff's request for Court-appointed experts appears moot insofar as the request was premised on an attempt to cure deficiencies noted by Defendants. Even if the request were not moot, the Court would deny a motion to appoint experts. Fed. R. Evid. 706(a) and D. Kan. Rule 26.4 authorize the Court to appoint expert witnesses. Nevertheless, the rules' purpose is to aid the Court, not to aid one party in prosecuting or defending its case. *Hervey v. United States*, No. 19-4033-SAC-ADM, 2020 WL 8366548, at *1 (D. Kan. Feb. 19, 2020). Courts have generally found that a party's pro se or IFP status does not entitle them to appointment of an expert witness. *Id.* (citing cases). Here, Plaintiff couches his request in terms of requiring experts so that he may prosecute this case. The same circumstances would be true of many pro se litigants, and this alone is not a sufficient basis to appoint expert witnesses.

## IV.     CONCLUSION

For these reasons discussed above, the Court denies Defendants' motion to strike and their alternative request that the Court compel Plaintiff to serve supplemental disclosures and to extend scheduling order deadlines. The Court also denies Plaintiff's request for Court-appointed expert witnesses.

**IT IS THEREFORE ORDERED** that Defendants Brooke Haubenstein and Lou Miller's Motion to Strike Plaintiff's Experts (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to appoint expert witnesses is **DENIED**.

**IT IS SO ORDERED.**

Dated September 29, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge